**No. 28483**

**The People of the State of Colorado v. Edwin L. McKelvey**
(590 P.2d 972)

Decided February 26, 1979.

Craig S. Westberg, District Attorney, for plaintiff-appellant.

I. H. Kaiser, P.C., for defendant-appellee.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal brought by the district attorney from the district court's order granting defendant's motion to suppress certain

of his federal and state income tax returns. We affirm.

The defendant was tried under an indictment charging six counts of embezzlement of public property, section 18-8-407, C.R.S. 1973 (1978 Repl.Vol. 8). A mistrial was declared and trial was reset. Prior to the second trial, defendant's motion to suppress certain income tax returns was granted and the district attorney brought this appeal.

The defendant served as County Treasurer and *ex officio* Public Trustee of the County of La Plata, Colorado. As public trustee he was entitled to fees up to a maximum of $2,000 annually. The district attorney contends that the receipts exceeded $2,000 annually between 1972 and 1977, and that during each of those years the defendant knowingly took the excess.[1]

The only issue on appeal is the admissibility of the defendant's income tax returns for the purpose of showing *intent* to embezzle. These listed $2,000 for his services each year as public trustee. Standing alone, the returns are not evidence of the defendant's intent to commit the crime of embezzlement. Assuming that the proof shows that he took the excess, a showing that he deliberately misrepresented his income remains as a prerequisite to the inference that he did so for the purpose of concealing his embezzlement. This causes the relevance of the tax returns to become attenuated.

The district attorney relies upon case law holding that evidence which tends to prove an unrelated offense is admissible if it is probative of an element of the offense charged. *Courtney v. United States,* 390 F.2d 521 (9th Cir. 1968); *South v. United States,* 368 F.2d 202 (5th Cir. 1966). He argues that the tax returns are probative of the defendant's knowledge that he was converting public monies, an element of the embezzlement offense.

We conclude, however, that the district court did not abuse its discretion in evaluating the relevancy of the tax returns and concluding that they should not be admitted. *Smith v. Spina,* 477 F.2d 1140 (3rd Cir. 1973).

The ruling to suppress is affirmed.

---

[1] The district attorney charged the defendant with receiving the following amounts:
1972 - $3,125.41
1973 - 3,026.50
1974 - 2,831.63
1975 - 3,805.58
1976 - 4,498.53
1977 - 3,915.94